## HANCOCK v. FLYNN.

*(Supreme Court, General Term, Fourth Department. November, 1889.)*

1. **MASTER AND SERVANT—WRONGFUL DISCHARGE—EVIDENCE.**
   When the question at issue is whether the master was justified, by the servant's misconduct, in discharging her from his service, it is prejudicial error to permit plaintiff to prove the number of employes he had during the year in which defendant was his manager, as compared with the preceding year, and that the business was profitable before, and unprofitable during defendant's employment.

2. **EVIDENCE—BOOKS OF ACCOUNT.**
   Books containing accounts with a defendant to an action are not admissible against him, without other proof as to their correctness than that of a witness who made only part of the entries against defendant.

3. **RES ADJUDICATA.**
   A judgment of a court having no jurisdiction is no bar to a subsequent action involving the same questions.

4. **TRIAL—OBJECTIONS TO EVIDENCE.**
   When questions asked a witness are objected to for immateriality, and for failure to lay a foundation therefor, and subsequent questions are objected to "on the same grounds as before," the objection to the latter evidence is sufficiently taken.

Appeal from Onondaga county court.

Action by David H. Hancock against Kittie A. Flynn for breach of contract. The plaintiff complained of the defendant "for breach of contract and damages to goods and material, injury to plaintiff's business to the amount of $200." Her answer contained a denial, and a counter-claim growing out of a breach of a contract bearing date October 2, 1886, between the parties. That contract was as follows:·

"SYRACUSE, N. Y., Oct. 2, 1885.

"I hereby agree to give Miss Kittie A. Flynn $22.00 weekly for six (6) months from date, and, at the expiration of that time, $25.00 for the next six months. She, on her part, agrees to accept the position of dress-maker and general sup't, and fulfill the duties, not later than Wednesday, Oct. 7th, '85.

"D. H. HANCOCK.

"K. A. FLYNN."

Defendant entered, under such contract, the employment of the plaintiff on the 7th of October, and remained until the month of April, 1886, when she was discharged by the defendant. The referee finds as a fact, viz.: "Plaintiff had good and sufficient cause for discharging the defendant from his employment." As a matter of law, he finds, viz.: "That said defendant was properly discharged from the employment of plaintiff, and for good and sufficient reasons." He finds as a fact that the defendant was liable to the plaintiff for negligence and carelessness, in respect to the "Blackstock" garment, $20; "Fienberg" garment, $10; "Harvey" garment, $10; "Wardner" garment, $8; "Burns" garment, $3.50; "Crawford" garment, $2; making a total of $53.50. Judgment was rendered for plaintiff for that sum, and defendant appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Stone, Gannon & Petit*, for appellant.· *Waters & McLennan*, for respondent.

HARDIN, P. J. 1. Whether the plaintiff was authorized to discharge the defendant from his employment or not was a prominent question litigated upon the trial. The appeal book presents a conflict in the evidence in respect thereto; and the finding of the referee would probably meet with our approval, in that regard, if we were satisfied that no error was committed in receiving evidence which bore upon the question. The practical construction which the parties gave to the contract was to the effect that if the defendant injured any goods, or caused any loss to come to the plaintiff by reason of her unskillful or improper discharge of her duties, she would sustain such loss. When Robert Stoddard, a witness for the plaintiff, was upon the stand, he

was asked if he had looked up the figures for the year preceding Miss Flynn's administration, to determine whether the profits were more or less than while she was in the employ of the plaintiff, and he testified that he had; and he also testified that the number of girls kept in the prior period was about eight. This evidence was objected to upon the ground that it was immaterial. The objection was overruled, and an exception taken. He was then asked, "What was the number of girls that was kept by her?" and his answer was, "About twelve." Thereupon the following question was put to him: "Now, what were the profits of the business for the preceding season, prior to the time when she was employed?" This was objected to, on the ground that there is no foundation laid for the evidence. The objection was overruled, and an exception taken. His answer was: "The profits were $115.47." Thereupon the following question was propounded to the witness: "What were the profits, if any, during the season the defendant was employed there?" Objected to on the same grounds as before. The same ruling. "The loss was $317.11, all for the same period of time as the previous season." We think this evidence may have borne influentially upon the question of whether or not the plaintiff was warranted in discharging the defendant from his employ, and that its reception was error. Nor do we think the complaint was sufficient to warrant giving this class of evidence, for the purpose of recovering damages for a breach of defendant's contract.

Plaintiff criticises the objection that was taken to the evidence. It appears by the appeal book that when this class of evidence was offered the defendant objected to it as immaterial, and, later on, when the question was propounded, she objected to it upon the ground that there is no foundation laid for the evidence; and, when the question was propounded as to whether or not there were any profits during the season that defendant was employed, the objection, as it appears in the appeal book, was in the following language: "Objected to on the same grounds as before." Under the circumstances, we think the defendant is entitled to insist that the evidence was immaterial; and we are inclined to a conclusion that we cannot say that the evidence produced no injurious effect to the defendant upon the critical and contested issue relating to her discharge from the employment of the plaintiff.

2. We think the evidence is very meager in respect to some of the items of damage allowed by the referee.

3. We are of the opinion that the litigation and judgment had before A. E. OBERLANDER, a justice of the peace, was not a bar to this action. This court has already held that that judgment was rendered without jurisdiction, and has reversed the same. It was, therefore, not binding upon the parties at the time of the trial of this action. *Flynn* v. *Hancock*, 46 Hun, 368.

4. When the witness Stoddard was asked as to the account kept with the defendant, he stated that the original accounts were in court, as we understand the appeal book. Thereupon he was asked, viz.: "Will you tell us what is due to Mr. Hancock, according to those accounts?" This question was objected to, and the objection was overruled; and the defendant took an exception. Thereupon the witness stated that the accounts were not all kept by him; some by him, and under his direction. It is then stated that the books were offered in evidence, and objections thereto were overruled, and the defendant excepted, and the books put in evidence, marked "Plaintiff's Exhibit A." The witness was then interrogated: "Will you tell us the amount that she owes Mr. Hancock?" and he answered: "We charged her $92.31, and credited with $75.18, which leaves a difference of $17.63." It appears by the witness' testimony that he did not make all the entries in the books. Some of them were made by his brother. Under all the circumstances, we think the books were not competent evidence against the defendant. Judgment reversed on the exceptions, and a new trial ordered in the county court of Onondaga county, with costs to abide the event.